UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x **ECF Case**

ROMAN ZELTSER and ANNA TYUTYUNIK,    :
individually and on behalf of all others similarly    :   Case No: 13 CIV 1531 (HB)(FM)
situated,    :
   :
             Plaintiff,    :   **ORAL ARGUMENT**
   :   **REQUESTED**
      v.    :
   :
MERRILL LYNCH & CO., INC.; MERRILL    :
LYNCH, PIERCE, FENNER & SMITH, INC.; and    :
BANK OF AMERICA CORPORATION,    :
   :
           Defendants.    :
   :
---------------------------------------------------------------- x

# MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS OR STAY ACTION OR, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT FOR FAILURE TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED

Michael D. Mandel, Esq. (*pro hac vice* pending)
*mmandel@mcguirewoods.com*
Bethany A. Pelliconi, Esq.
*bpelliconi@mcguirewoods.com*
1800 Century Park East, 8th Floor
Los Angeles, California  90067-1501
(310) 315-8200

Philip A. Goldstein, Esq.
*pagoldstein@mcguirewoods.com*
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100

*Counsel for Defendants*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND STATEMENT OF FACTS ...................................................1

II.    ARGUMENT .................................................................................................................4

     A.    Plaintiffs Should Be Compelled To Submit Their Claims To Arbitration............4

         1.    The FAA Requires That Plaintiffs' Arbitration Agreements Be Enforced....................................................................................................4

         2.    The Arbitration Agreements Are Valid and Enforceable And Plaintiffs' Claims Fall Within the Scope of their Arbitration Agreements. .................................................................................................5

         3.    Dismissal of Plaintiffs' Complaint is Required to Effectuate the Parties' Agreement to Arbitrate. .................................................................7

         4.    If The Action Is Not Dismissed, Then It Should Be Stayed And Plaintiffs Should Be Compelled To Individually Arbitrate Their Claims. ......................................................................................................9

     B.    Alternatively, Plaintiffs' Complaint Should Be Dismissed Because It Fails To State Any Claim Upon Which Relief Can Be Granted..................................10

         1.    Applicable Legal Standards. ................................................................10

         2.    Plaintiffs' Vague and Conclusory Allegations are Insufficient To State Plausible Individual Claims for Unpaid Overtime and Recordkeeping Violations...........................................................................11

         3.    Plaintiffs Have Not Alleged Sufficient Facts to State Plausible Claims for Unpaid Overtime and Recordkeeping Violations on Behalf of Other Employees..................................................................15

III.    CONCLUSION ...........................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Acosta v. Yale Club of New York City*
  1995 U.S. Dist. LEXIS 14881 (S.D.N.Y. Oct. 12, 1995)................................................ 13, 14

*Anguilo v. County of Westchester*
  2012 U.S. Dist. LEXIS 153656 (S.D.N.Y. Oct. 25, 2012)....................................... 13, 14, 15

*Applied Energetics, Inc. v. Newoak Capital Mkts., LLC*
  645 F.3d 522 (2d Cir. 2011) ........................................................................................5

*Ashcroft v. Iqbal*
  129 S. Ct. 1937 (2009) ...............................................................................................11

*AT&T Mobility LLC v. Concepcion*
  131 S. Ct. 1740 (2011) .................................................................................................4

*AT&T Technologies, Inc. v. Commun. Workers of America*
  475 U.S. 643 (1986) ......................................................................................................5

*Batsakis v. Federal Deposit Ins. Corp.*
  670 F. Supp. 749 (W.D. Mich. 1987)...........................................................................19

*Bell Atl. Corp. v. Twombly*
  127 S. Ct. 1955 (2007) ................................................................................................11

*Bell v. Cendant Corp.*
  293 F.3d 563 (2d Cir. 2002) .........................................................................................6

*Ciago v. Ameriquest Mortgage Co.*
  295 F. Supp. 2d 324 (S.D.N.Y. 2003)............................................................................9

*Cohen v. UBS Fin. Servs., Inc.*
  2012 U.S. Dist. LEXIS 174700 (S.D.N.Y. Dec. 4, 2012).................................................7

*Concourse Village, Inc. v. Local 32E, Service Employees International Union*
  822 F.2d 302 (2d Cir. 1987) .........................................................................................5

*Deiter v. Microsoft Corp.*
  436 F.3d 461 (4th Cir. 2006) .......................................................................................19

*DeSilva v. North Shore-Long Island Jewish Health Syst., Inc.*
  770 F. Supp. 2d 497 (E.D.N.Y. 2011)...........................................................................12

*DiFolco v. MSNBC Cable L.L.C.*
    622 F.3d 104 (2d Cir. 2010) ................................................................. 10, 11

*General Textile Printing & Processing Corp. v. Expomtorg Int'l Corp.*
    891 F. Supp. 946 (S.D.N.Y. 1995) ................................................................. 10

*Gilmore v. Shearson/American Express, Inc.*
    668 F. Supp. 314 (S.D.N.Y. 1987) ................................................................. 10

*Guyden v. Aetna, Inc.*
    544 F.3d 376 (2d Cir. 2008) ......................................................................... 9

*Hart v. Canadian Imperial Bank of Commerce*
    43 F. Supp. 2d 395 (S.D.N.Y. 1999) ............................................................. 6

*Hartford Accident and Indem. Co. v. Swiss Reinsurance Am. Corp.*
    246 F.3d 219 (2d Cir. 2001) ......................................................................... 5

*James v. Countrywide Fin. Corp.*
    849 F. Supp. 2d 296 (E.D.N.Y. 2012) .......................................................... 14

*Landry v. Peter Pan Bus Lines, Inc.*
    2009 U.S. Dist. LEXIS 129873 (D. Mass. Nov. 20, 2007) .................................. 18

*Lundy v. Catholic Health System*
    2013 U.S. App. LEXIS 4316 (2d Cir. Mar. 1, 2013) ........................................ 13

*Marcus v. Masucci*
    118 F. Supp. 2d 453 (S.D.N.Y. 2000) ............................................................ 6

*Morando v. NetWrix Corp.*
    2012 U.S. Dist. LEXIS 58140 (D.N.J. Apr. 24, 2012) ........................................ 8

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*
    460 U.S. 1 (1983) ................................................................................... 5, 10

*Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*
    2011 U.S. Dist. LEXIS 8585 (S.D.N.Y. Jan. 28, 2011) ..................... 2, 11, 12, 13, 14, 17

*New York Cross Harbor R.R. Terminal Corp. v. Consolidated Rail Corp.*
    72 F. Supp. 2d 70 (E.D.N.Y. 1988) .............................................................. 10

*Nieminski v. John Nuveen & Co., Inc.*
    1997 U.S. Dist. LEXIS 764 (N.D. Ill. Jan. 16, 1997) .......................................... 8

*Omni Berkshire Corp. v. Wells Fargo Bank, N.A.*
    307 F. Supp. 2d 534 (S.D.N.Y. 2004) ............................................................ 8

*Reynolds v. de Silva*
   2010 U.S. Dist. LEXIS 18040 (S.D.N.Y. Feb. 24, 2010) ......................................................7

*Romero v. H.B. Automotive Group, Inc.*
   2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012) ......................................................19

*Smith v. Mastercraft Decorators, Inc.*
   2011 U.S. Dist. LEXIS 125342 (W.D.N.Y. Oct. 31, 2011) ................................................13

*Stanton v. Prudential Ins. Co.*
   1999 U.S. Dist. LEXIS 5547 (E.D. Pa. Apr. 20, 1999)......................................................8

*Steele v. L.F. Rothschild & Co.*
   701 F. Supp. 407 (S.D.N.Y. 1988)......................................................9

*Steelworkers v. Warrior & Gulf Navigation Co.*
   363 U.S. 574 (1960) ......................................................5

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*
   559 U.S. 662 (2010) ......................................................6

*Thomas James Associates, Inc. v. Jameson*
   102 F.3d 60 (2d Cir. 1996) ......................................................4, 7

*Volt Info. Scis., Inc. v. Board of Trustees*
   489 U.S. 468 (1989) ......................................................4

*Wal-Mart Stores, Inc. v. Dukes*
   131 S. Ct. 2541, 2551 (2011) ......................................................16

*Walz v. 44 & X Inc.*
   2012 U.S. Dist. LEXIS 161382 (S.D.N.Y. Nov. 7, 2012)......................................... 11, 15, 17

*Williams v. Cigna Financial Advisors, Inc.*
   56 F.3d 656 (5th Cir. 1995) ......................................................4

*Williams v. Skyline Automotive Inc.*
   2011 U.S. Dist. LEXIS 131090 (S.D.N.Y. Nov. 14, 2011)................................................18

*Wilson v. Pioneer Concepts, Inc.*
   2011 U.S. Dist. LEXIS 100757 (N.D. Ill. Sept. 1, 2011) ..................................................18

*Zhong v. August August Corp.*
   498 F. Supp. 2d 625 (S.D.N.Y. 2007) ..............................................................17

**STATE COURT CASES**

*Fletcher v. Kidder, Peabody & Co.*
 619 N.E.2d 998 (N.Y. 1993) ...................................................................... 4, 6

*Stark v. Molod Spitz, DeSantis & Stark, P.C.*
 9 N.Y.3d 59 (2007) ........................................................................................ 6

**FEDERAL STATUTES**

Federal Arbitration Act, 9 U.S.C. § 1, *et seq* ........................................... 1, 4

Fed. R.  Civ. P. 8(a)(2) ............................................................................. 1, 3, 4

Fed.R.Civ.P. 12(b)(6) ............................................................................... 1, 11

FED. R. CIV. P. 23(a)(3) ................................................................................ 19

**OTHER AUTHORITIES**

2A J. Moore, Moore's Federal Practice ¶ 12.08 ........................................... 4

FINRA Rule 13200 ................................................................................. 7, 8, 9

FINRA Rule 13204 ......................................................................................... 8

## I.  INTRODUCTION AND STATEMENT OF FACTS

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), and sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4, Defendants Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MLPFS") and Bank of America Corporation (collectively, "Defendants") hereby move to compel *individual* arbitration of all of the claims for relief asserted in Plaintiffs Roman Zeltser's and Anna Tyutyunik's ("Plaintiffs") Class and Collective Action Complaint ("Complaint") and dismiss or stay this action or, in the alternative, to dismiss the Complaint on grounds that it fails to state any claim upon which relief can be granted.

Plaintiffs are former Financial Solutions Advisors ("FSAs") for MLPFS.  They seek to represent a putative class of all FSAs employed by Defendants in New York and a putative collective of all FSAs employed by Defendants throughout the United States.  Plaintiffs' Complaint asserts claims for alleged unpaid overtime and recordkeeping violations under both the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

As FSAs, Plaintiffs were required to register with the Financial Industry Regulatory Authority ("FINRA").  To that end, Plaintiffs executed a Uniform Application for Securities Industry Registration or Transfer (Form U-4).  Section 15A(5) of Form U-4 (the "Arbitration Agreement") provides in relevant part:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of [FINRA] as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

*See* Form U-4s signed by Plaintiffs dated February 1, 2010, April 25, 2011, and May 2, 2011 attached as Exhibits A and B to the Declaration of Jennifer Gomer ("Gomer Dec.").  *See also* Request for Judicial Notice ("RJN"), Exs. 1 and 2.  Plaintiffs agreed to this arbitration provision

by completing and signing their respective Form U-4s.  *See id*.  The arbitration provisions in

Plaintiffs' Form U-4s constitute valid, enforceable agreements between the parties to arbitrate

their claims on an individual basis, and Plaintiffs' individual claims asserted in this action are

within the scope of that agreement.   Accordingly, as required by the FAA, Plaintiffs should be

compelled to submit their individual claims to arbitration, and this action should be dismissed or

stayed.[1]

        In the event the Court declines to grant Defendants' motion to compel arbitration,

Plaintiffs' Complaint should nevertheless be dismissed because it fails to state a plausible claim

for relief.  Plaintiffs overreach substantially by attempting to include in this action all FSAs and

"persons in similar positions with comparable titles" employed by Defendants throughout the

United States.  Plaintiffs' Complaint fails, however, to adequately allege the elements of their

FLSA and NYLL claims – either for themselves – *or* on behalf of other employees.  Plaintiffs

have not provided any factual foundation that might "nudge" their allegations "from speculative

to plausible."  *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, No. 10 Civ. 2661(PAC),

2011 U.S. Dist. LEXIS 8585, *4 (S.D.N.Y. Jan. 28, 2011) (Crotty, J.) ("*Nakahata*").  Instead,

their Complaint is full of vague and conclusory allegations, legal conclusions and a bare

recitation of *some* of the elements of their claims.

        The Complaint fails to identify, among other things, the approximate overtime hours

Plaintiffs allegedly worked, the entity that employed them, their branch locations, their rates of

pay, and whether they were classified as exempt or non-exempt.  The Complaint also provides

---

[1] Consistent with the arbitration clause in the Plaintiffs' U-4 Forms and FINRA's own Code of
Procedure, Defendants seek to compel arbitration of Plaintiffs' claims on an individual basis
only.  To the extent that the Court concludes any of Plaintiffs' claims are not arbitrable,
Defendants respectfully request that those claims be stayed pending the outcome of the
arbitration before FINRA.

insufficient facts to create any plausible claim for relief *on behalf of any other employee*.  No facts are alleged regarding *any* of the numerous branch locations throughout the United States that Plaintiffs purport to include in this Action.  Nor do Plaintiffs provide any information regarding the rates of pay, employing entities, approximate overtime hours, work locations or "similar positions" that some of the putative class members are alleged to have held.  Indeed, the complete lack of factual foundation for these claims suggests Plaintiffs in fact have no knowledge of the employment terms and conditions of other employees, particularly those holding different positions than them and working at different locations.  Further, Plaintiffs' overtime claims on behalf of other employees are uncertain and confusing to the extent they appear to include both non-exempt and exempt employees for off-the-clock work and miscalculated overtime pay.  While the Complaint alleges that Defendants classified FSAs as exempt, the Complaint also appears to allege claims on behalf of unidentified non-exempt employees.  Lastly, Plaintiffs' recordkeeping claim fails as it is derivative and based on Plaintiffs' conclusory and inadequate allegations supporting their overtime claims.  To the extent Plaintiffs' overtime claims fail, so too does their recordkeeping claim.

For all the foregoing reasons, and as we discuss below, Defendants request an order compelling Plaintiffs to submit their claims to individual arbitration and dismissing or staying this action, or, in the alternative dismissing Plaintiffs' Complaint for failure to state any plausible claim for relief.

## II.     ARGUMENT

**A.     Plaintiffs Should Be Compelled To Submit Their Claims To Arbitration.**

**1.     The FAA Requires That Plaintiffs' Arbitration Agreements Be Enforced.**

The FAA applies to the arbitration agreements contained in Plaintiffs' Form U-4s.  *See Thomas James Associates, Inc. v. Jameson*, 102 F.3d 60, 65 (2d Cir. 1996) (noting the plaintiff's "Form U-4 is a contract, and interpretation of its arbitration clause is governed by the Federal Arbitration Act"); *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 659 (5th Cir. 1995) ("a U-4 Registration is a contract involving the sale of securities and thus involves commerce" and is subject to the FAA); *Fletcher v. Kidder, Peabody & Co.*, 619 N.E.2d 998, 1001 (N.Y. 1993) ("[It] is now well embedded in our case law ... that the enforceability of the arbitration clause contained in [a] U-4 Form ... is governed by the FAA .... Thus, regardless of what our own State's policies or case law might dictate in other circumstances, we are bound by the policies embodied in the Federal statute and the accompanying case law").

The "principal purpose" of the FAA is to "ensur[e] that private arbitration agreements are enforced according to their terms."  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) (quoting *Volt Info. Scis., Inc. v. Board of Trustees*, 489 U.S. 468, 479 (1989)).  The FAA *requires* the enforcement of arbitration agreements by providing that agreements to arbitrate "shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.  As the Supreme Court has held repeatedly, the FAA requires a court to "give effect to the contractual rights and expectations of the parties," and agreements to arbitrate must be enforced according to their terms.  *Volt Info. Scis.*, 489 U.S. at 479.  "[FAA Section] 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims "in accordance with the terms of the

-4-

agreement;" and [Section] 4 requires courts to compel arbitration "in accordance with the terms of the agreement" upon the motion of either party to the agreement (assuming that the "making of the arbitration agreement or the failure ... to perform the same" is not at issue). *AT&T Mobility*, 131 S. Ct. at 1748.

The FAA "establishes that, as a matter of federal law, *any* doubts concerning the scope of arbitrable issues should be resolved *in favor of arbitration*, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (emphasis added). Courts, therefore, should "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id.* at 22. Put simply, "where the contract contains an arbitration clause, there is a presumption of arbitrability." *AT&T Technologies, Inc. v. Commun. Workers of America*, 475 U.S. 643, 656-57 (1986). "Unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," the dispute must be submitted to arbitration. *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 583 (1960); *Concourse Village, Inc. v. Local 32E, Service Employees International Union,* 822 F.2d 302, 304 (2d Cir. 1987).

**2.    The Arbitration Agreements Are Valid and Enforceable And Plaintiffs' Claims Fall Within the Scope of their Arbitration Agreements.**

In determining whether a dispute is arbitrable under the FAA, and is therefore subject to dismissal from federal court, courts consider two elements: "(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *Hartford Accident and Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (internal quotation marks omitted) (alteration in original). Whether there is a valid and

enforceable arbitration agreement is determined solely by state contract law. *See Applied Energetics, Inc. v. Newoak Capital Mkts., LLC*, 645 F.3d 522, 526 (2d Cir. 2011); *see also Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002) ("Because an agreement to arbitrate is a creature of contract . . . the ultimate question of whether the parties agreed to arbitrate is determined by state law.").

Here, the parties have a valid agreement to arbitrate the claims Plaintiffs have asserted against Defendants. Similar to federal law, New York courts recognize the state's "long and strong public policy favoring arbitration." *Stark v. Molod Spitz, DeSantis & Stark, P.C.*, 9 N.Y.3d 59, 66 (2007). Indeed, New York "encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties," and will interfere as little as possible with the freedom of consenting parties to bind themselves to arbitration. *Id.* Numerous courts have enforced the arbitration provision at issue in Plaintiffs' Form U-4 and found the agreement to be enforceable under New York law. *See, e.g.*, *Marcus v. Masucci*, 118 F. Supp. 2d 453, 456 -457 (S.D.N.Y. 2000) ("[a] signed Form U–4 constitutes an express arbitration agreement enforceable under the FAA"); *Hart v. Canadian Imperial Bank of Commerce*, 43 F. Supp. 2d 395, 399 (S.D.N.Y. 1999) (enforcing Form U-4 arbitration provision under New York law); *Thomas James Assocs.*, 102 F.3d at 65 (noting plaintiff "[wa]s bound by the Form U-4 because his signature manifest[ed] his assent. [The employer wa]s bound by the Form U-4's provisions, including the arbitration provision, because of its membership in the NASD"); *Fletcher v. Kidder, Peabody & Co.*, 619 N.E.2d at 1001 (enforcing U-4 arbitration provision under New York law). Plaintiffs cannot dispute that they signed their respective Form U-4s as part of their employment. Thus, there is an enforceable agreement to arbitrate.

-6-

Turning to the second element the Court must consider, Plaintiffs' claims plainly fall within the scope of their Arbitration Agreements, which incorporate FINRA's Code of Arbitration Procedure. Rule 13200 of FINRA's Code of Arbitration Procedure requires arbitration of a broad scope of claims. *See* RJN, Ex. 4. Rule 13200 provides that, "[e]xcept as otherwise provided in the Code [of Arbitration Procedure], a dispute must be arbitrated under the Code [of Arbitration Procedure] if the dispute arises out of the business activities of a member or an associated person and is between or among: Members, Members and Associated Persons, or Associated Persons." Defendant MLPFS is a member of FINRA. *See Gomer* Dec. ¶ 2; RJN, Ex. 3. The disputes raised by Plaintiffs arise out of their business activities as employees ("Associated Persons") of MLPFS. Thus, Plaintiffs' disputes plainly fall within the scope of Rule 13200, as it is between Defendants, who are Members, and Plaintiffs, who are Associated Persons, and arise from business activities between them. Accordingly, there can be no dispute that Plaintiffs have agreed to arbitrate their claims against Defendants. Moreover, as FINRA Rule 13204 does not permit arbitration of class-action claims,[2] Plaintiffs' respective claims must be submitted to separate, individual arbitrations. *See* RJN, Ex. 4.

**3.    Dismissal of Plaintiffs' Complaint is Required to Effectuate the Parties' Agreement to Arbitrate.**

If the Court finds the arbitration agreements to be valid, and that the claims asserted in the Complaint are arbitrable, dismissal is appropriate. *See, e.g., Cohen v. UBS Fin. Servs., Inc.*, 2012 U.S. Dist. LEXIS 174700 (S.D.N.Y. Dec. 4, 2012) (citing *LaVoice v. UBS Fin. Servs., Inc.*, 2012 U.S. Dist. LEXIS 5277 (S.D.N.Y. Jan. 13, 2012)); *Reynolds v. de Silva*, 2010 U.S. Dist.

---

[2] FINRA amended Rule 13204 in July 2012 to also prohibit arbitration of collective action claims. *See* RJN, Ex. 5. Thus, Rule 13204 conclusively establishes that the parties have not agreed to permit class or collective arbitration of any of their claims at issue here and, therefore, they must be arbitrated separately as to each of the Plaintiffs and only on an individual basis. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 623-25 (2010).

LEXIS 18040, at *22-23  (S.D.N.Y. Feb. 24, 2010) ("[A]ll courts of which we are aware have followed the rule that, where all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings.") (internal quotation marks and citations omitted).

Moreover, if Plaintiffs' claims are not dismissed, the arbitration agreement will be rendered meaningless, which would be contrary to the presumption that all language in a contract be given meaning and effect.  *See Omni Berkshire Corp. v. Wells Fargo Bank, N.A*., 307 F. Supp. 2d 534, 540 (S.D.N.Y. 2004).  Dismissal is appropriate because Plaintiffs agreed to arbitrate their claims and, thus, their claims are precluded from proceeding before this Court.  *See Morando v. NetWrix Corp*., No. 11-5075 (SDW), 2012 U.S. Dist. LEXIS 58140, *6 (D.N.J. Apr. 24, 2012) (granting defendants' motion to dismiss plaintiff's complaint and to compel arbitration pursuant to arbitration agreement contained in Form U-4); *Stanton v. Prudential Ins. Co*., No. 98-4989 (NLS), 1999 U.S. Dist. LEXIS 5547, *6 (E.D. Pa. Apr. 20, 1999) (granting motion to dismiss, compelling arbitration and dismissing "defendants because all claims against them must be arbitrated"); *Nieminski v. John Nuveen & Co., Inc*., No. 96 C 1960 (WRA), 1997 U.S. Dist. LEXIS 764, *1 (N.D. Ill. Jan. 16, 1997) (granting defendants' motion to dismiss plaintiff's complaint and to compel arbitration pursuant to arbitration provision in Form U-4).

Defendants therefore respectfully request an order dismissing Plaintiffs' Complaint so that the parties may proceed to submit Plaintiffs' claims to separate, individual arbitrations consistent with their agreement to arbitrate.

4.   **If The Action Is Not Dismissed, Then It Should Be Stayed, And Plaintiffs Should Be Compelled To Individually Arbitrate Their Claims.**

Should the Court determine that Plaintiffs' Complaint, or any claims contained therein, should not be dismissed by virtue of Plaintiffs' agreements to arbitrate their claims on an individual basis, Defendants request an order staying these proceedings pending arbitration.

A court determining whether to stay proceedings pending arbitration must resolve four issues: (1) whether the parties agreed to arbitrate; (2) the scope of that agreement; (3) if federal statutory claims are asserted (in which case it must consider whether Congress intended those claims to be nonarbitrable); and (4) if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration.  *See Guyden v. Aetna, Inc.*  544 F.3d 376, 382 (2d Cir. 2008).

As explained above, Plaintiffs expressly agreed to arbitrate their claims on an individual basis when they registered with FINRA and executed their Form U-4s.  As also explained above, that agreement covers the claims asserted in Plaintiffs' Complaint for violations of the FLSA and NYLL, as FINRA Rule 13200 broadly covers all business disputes between Members and Associated Persons.

Further, Congress did not intend FLSA claims to be nonarbitrable.  *See, e.g.*, *Ciago v. Ameriquest Mortgage Co.,* 295 F. Supp. 2d 324, 332 (S.D.N.Y. 2003) (holding FLSA claims "may . . . be subject to compulsory arbitration provisions"); *Steele v. L.F. Rothschild & Co.*, 701 F. Supp. 407, 408 (S.D.N.Y. 1988) (holding that FLSA claims are not exempt from the FAA's arbitration requirements).

Lastly, to the extent that the Court finds that any of Plaintiffs' substantive claims are not arbitrable, proceedings on these claims should be stayed pending arbitration of those found to be arbitrable.  The Court has broad discretion to stay the balance of proceedings pending the

outcome of an arbitration when a party is compelled to arbitrate some but not all of their claims. *See Moses H. Cone Memorial Hosp.*, 460 U.S. at 20 n.23. A stay of proceedings is particularly appropriate where the factual and legal issues are similar and the findings in arbitration will impact the outcome of the other claims. *See, e.g.*, *General Textile Printing & Processing Corp. v. Expomtorg Int'l Corp.*, 891 F. Supp. 946, 954-55 (S.D.N.Y. 1995) (staying claims not subject to arbitration because those claims arose out of same conduct as arbitrable claims, and because allowing litigation of nonarbitrable claims to proceed would have an impact of the arbitration); *New York Cross Harbor R.R. Terminal Corp. v. Consolidated Rail Corp.*, 72 F. Supp. 2d 70, 80-81 (E.D.N.Y. 1988) (staying remaining claims because the arbitrable claims predominated the action and the arbitration would result in development of facts that would promote judicial economy, possibly including settlement); *Gilmore v. Shearson/American Express, Inc.*, 668 F. Supp. 314, 320-21, n.11 (S.D.N.Y. 1987) (same). Here, all of Plaintiffs' claims for violations of the FLSA and NYLL are based on the same or similar issues, and therefore, any inarbitrable claims should be stayed pending completion of the arbitration.

For all of the foregoing reasons, if the Court does not dismiss this action due to the parties' agreement to submit Plaintiff's claims to individual arbitration, the Court should stay this action pending completion of the arbitration.

**B.    Alternatively, Plaintiffs' Complaint Should Be Dismissed Because It Fails To State Any Claim Upon Which Relief Can Be Granted.**

**1.    Applicable Legal Standards.**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim *showing* that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2) (emphasis added). A motion to dismiss for failure to state a claim upon which relief may be granted challenges the legal sufficiency of the complaint. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d

Cir. 2010).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *See* 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271.

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, '*to state a claim to relief that is plausible on its face*,'" *DiFolco*, 622 F.3d at 111.  "[A] [p]laintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) ("*Twombly*").  As the Supreme Court stated in *Twombly*, "naked assertion[s]" devoid of "further factual enhancement" are insufficient to sustain a claim, and a complaint that offers mere "labels and conclusions" should be dismissed.  *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966.  Thus, "[l]egal conclusions and threadbare recitals of the elements of a cause of action" will not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

> **2.  Plaintiffs' Vague and Conclusory Allegations are Insufficient to State Plausible Individual Claims for Unpaid Overtime and Recordkeeping Violations.**

To the extent the Court does not dismiss Plaintiffs' Complaint so that the parties can submit their disputes to separate, individual arbitrations, Plaintiffs' Complaint should be dismissed for the separate and independent reason that it fails to adequately allege the elements of Plaintiffs' individual FLSA and NYLL claims.  "Both the FLSA and the NYLL require that a complaint state more than vague legal conclusions to survive a Fed.R.Civ.P. 12(b)(6) motion.  At a minimum, it must set forth the approximate number of unpaid regular and overtime hours allegedly worked." *Nakahata*, 2011 U.S. Dist. LEXIS 8585 at *4; *Walz v. 44 & X Inc.*, No. 12

Civ. 5800 (CM), 2012 U.S. Dist. LEXIS 161382, **9-13 (S.D.N.Y. Nov. 7, 2012) (McMahon, J.) (granting motion to dismiss overtime claims for failure to adequately plead when and how much unpaid overtime the plaintiffs worked; noting the standard for bringing a claim under the NYLL is "substantially the same as the FLSA").

District Courts regularly dismiss FLSA and NYLL overtime claims where the plaintiffs failed to sufficiently plead the approximate overtime hours worked.  In one such case, the court dismissed the plaintiffs' overtime claims where they alleged only the "'*typical*' or '*approximate*' number of hours per week they worked without proper compensation," but failed to allege "the actual date for even a single instance of unpaid work."  *Nakahata,* No. 11 Civ. 6658(PAC), 2012 U.S. Dist. LEXIS 127824, *4 (emphasis added).  Although the court recognized that the plaintiffs were "not required to state every single instance of overtime worked or to state the exact amount of pay which they were owed," their allegations fell short because their vague allegations did not specify which weeks any of the alleged unpaid wages were earned or even the approximate number of hours allegedly worked without compensation.  *Id.*

In a similar case, the district court dismissed a complaint alleging that plaintiffs "regularly worked . . . in excess of forty per week and were not paid for all of those hours" due to three alleged policies and practices including the employer's automatic meal period deduction, unpaid pre- and post-schedule work policy and unpaid training.  *DeSilva v. North Shore-Long Island Jewish Health Syst., Inc.*, 770 F. Supp. 2d 497, 507-08 (E.D.N.Y. 2011).  Although the complaint identified the plaintiffs' positions, time periods and locations where they worked, it did not identify specific enough information to support a plausible claim under the FLSA or NYLL.  *Id*. at 508-09.  The plaintiffs did not plead any factual allegations to show "when the alleged unpaid wages were earned . . . or the number of hours allegedly worked without

compensation." *Id*. at 509.  They also failed to plead sufficient allegations to support their claims that the employer had in place unlawful policies regarding pre- and post- shift work and unpaid trainings.  *Id*. at 510; *see also Lundy v. Catholic Health System*, No. 12-1453, 2013 U.S. App. LEXIS 4316, **15-16 (2d Cir. Mar. 1, 2013) (affirming dismissal of FLSA and NYLL claims where the complaint alleged only that plaintiffs "occasionally" and "typically" worked overtime but did not identify a "single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours"); *Acosta v. Yale Club of New York City,* No. 94 CIV. 0888 (KTD), 1995 U.S. Dist. LEXIS 14881, *4 (S.D.N.Y. Oct. 12, 1995) (dismissing FLSA claim where "[p]laintiffs cite various instances when they worked several extra hours in a given day," but "do not offer any examples of situations when management employed them for more than 40 hours in a week without paying them overtime"); *Smith v. Mastercraft Decorators, Inc.*, No. 09-CV-579 (WMS), 2011 U.S. Dist. LEXIS 125342, *3 (W.D.N.Y. Oct. 31, 2011) (sole factual allegation of working overtime — that "Plaintiff routinely worked in excess of forty (40) hours per week" — was insufficient to survive motion to dismiss, as plaintiff "assert[ed] no approximation of the hours that she worked, indeed, she ma[de] no attempt at such an approximation").

Dismissal of overtime claims is also warranted where plaintiffs fail to allege other factual content to support overtime claims such as work location, rates of pay, work schedules and whether their job positions are exempt or non-exempt.  *See, e.g.*, *Nakahata*, 2011 U.S. Dist. LEXIS 8585, at *4 (granting motion to dismiss FLSA and NYLL claims in part because complaint failed to allege "specific facts about the plaintiffs' employment, such as their dates of employment, pay or positions" and the work location and entity that employed them); *Anguilo v. County of Westchester*, No. 11-CV-7823 (CS), 2012 U.S. Dist. LEXIS 153656, at *12 n.4

(S.D.N.Y. Oct. 25, 2012) (granting motion to dismiss overtime claims where the plaintiffs failed to allege "the approximate number of uncompensated overtime hours that each Plaintiff worked" and "any other factual content sufficient to support an FLSA claim" such as the plaintiffs' "pay, or whether any or all of them at any time held positions that were exempt under the FLSA"); *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) (failure to include any facts beyond stating period of time during which no overtime was paid was insufficient to survive motion to dismiss, as complaint did not specify positions in which plaintiff worked, whether they were exempt, and number of overtime hours worked without compensation).

In this case, the Complaint contains nothing but a conclusory allegation that Plaintiffs "regularly worked more than 40 hours in a workweek but [were] not compensated for overtime hours worked." Complaint ¶¶ 19, 23. The Complaint does not allege the hours or schedule that Plaintiffs worked. Nor does the Complaint allege *how frequently* or *when* Plaintiffs worked uncompensated overtime. Indeed, the Complaint fails to allege even a *single instance or single work week* in which Plaintiffs allegedly worked uncompensated overtime. The Complaint also fails to identify the *locations* at which Plaintiffs worked, *the entity that employed them*, their *rates of pay*, *job duties* or even whether they were *classified as non-exempt or exempt*. As was true in the above-described decisions, Plaintiffs' conclusory and vague allegations fail to allege their FLSA and NYLL claims with sufficient particularity. *See, e.g.*, *Acosta*, 1995 U.S. Dist. LEXIS 14881, at *4; *Nakahata*, 2011 U.S. Dist. LEXIS 8585, at *4; *Anguilo*, 2012 U.S. Dist. LEXIS 153656, at *12 n.4.

While Plaintiffs may respond that they cannot provide the exact number of overtime hours worked because their employment records are in their employer's possession, as other judges in this district have recognized, "this does not allow Plaintiffs to shirk their pleading

obligations; indeed, Plaintiffs themselves 'should know approximately how many hours they worked per week and their hourly rate or weekly wages" *Anguilo*, 2012 U.S. Dist. LEXIS 153656, at *12 n.4 (quoting *DeSilva*, 770 F. Supp. 2d at 510); *Walz*, 2012 U.S. Dist. LEXIS 161382, at *12 ("Plaintiffs should be able to provide this information even without discovery, because they should have some sense of how often they worked overtime"). Plaintiffs should also know the identity of their employer. "[A]s *Iqbal* makes clear, a plausible claim must come *before* discovery, not the other way around." *Anguilo*, 2012 U.S. Dist. LEXIS 153656, at *12 n.4.

Thus, Plaintiffs have failed to state plausible claims for relief with respect to their overtime claims under both the FLSA and the NYLL. Further, Plaintiffs' recordkeeping claim is wholly derivative of those defective overtime claims and therefore suffers from the same infirmities as their overtime claim. To that end, the recordkeeping claims appear to be based on the same conclusory and inadequate allegations supporting their overtime claims. Complaint ¶¶ 54, 60, 85-86. Thus, to the extent that Plaintiffs' claims for overtime fail to state a claim, so too does their recordkeeping claim. Defendants therefore request an order dismissing Plaintiffs' claims for both unpaid overtime and recordkeeping violations.

**3.      Plaintiffs Have Not Alleged Sufficient Facts to State Plausible Claims for Unpaid Overtime and Recordkeeping Violations on Behalf of Other Employees**

Even more striking than the deficiencies in their own claims, Plaintiffs entirely fail to provide any factual allegations creating a "plausible" entitlement to relief for any other employee. The Complaint alleges in a conclusory manner that "Plaintiffs are similarly situated to other FSAs," that "Plaintiffs and other FSAs had substantially similar primary job duties," and that all FSAs were subject to "the same unlawful compensation policies." Complaint ¶¶ 33-35.

Plaintiffs do not allege any *facts* to substantiate these conclusions, however.   Notably, the Complaint alleges absolutely no facts regarding any of the numerous branches from throughout the United States whose employees Plaintiffs purport to include in this action.   Given that Plaintiffs are seeking to represent a broad and diverse range of FSAs and "similar positions with comparable titles" from numerous locations throughout the U.S., *see* Complaint ¶¶ 1, 9-10, 32, all with different managers, job duties, titles, pay rates, local practices and characteristics, their conclusory allegation that all FSAs were subject to the same policies and practices and had the same job duties is implausible, particularly in the absence of any factual substantiation. Plaintiffs fail to provide any factual information, as opposed to merely conclusory allegations suggesting that other employees have viable claims.   The complete lack of factual foundation for these claims suggests they in fact have no knowledge of the terms and conditions of other employees, particularly those holding different positions than them and working at different locations.   The Complaint fails to allege any facts indicating how Plaintiffs would have knowledge regarding employees working at other branches or holding different positions.[3]

---

[3]        Nor does the Complaint allege how the diverse claims made on behalf of employees from across the U.S., holding different positions, at different locations, with different local practices and management, could be tried on a class or collective basis.   As explained in *Wal-Mart Stores, Inc. v. Dukes*, a party seeking certification of a class must allege a:

> "common contention . . . [that is] of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."

> "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.   *Dissimilarities within the proposed class* are what have the potential to impede the generation of common answers."

The Complaint alleges absolutely no facts to support overtime claims on behalf of other employees. As Plaintiffs seek relief on behalf of other employees, they are required to provide "an indication of who these other employees are and the facts entitling them to relief." *Walz*, 2012 U.S. Dist. LEXIS 161382, at *9. They fail to do so.

First, the Complaint is deficient to the extent that it fails to identify the respective *employers* for the various employees, job positions and work locations allegedly included in the putative class. *Nakahata*, 2011 U.S. Dist. LEXIS 8585, at *4 (granting motion to dismiss complaint "due to the failure to specify which entity, among the many named defendants, employed the respective plaintiffs"). Second, the Complaint fails to identify *any other employee* except in passing. *See Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 630-31 (S.D.N.Y. 2007) (granting employer's motion to dismiss FLSA claims filed on behalf of other unidentified employees where the complaint "neither generally nor specifically name[d] or referenced any other plaintiffs" and did not plead any facts substantiating any policy leading to unpaid overtime). Third, the Complaint vaguely refers to "persons in similar positions with comparable titles" but fails to identify any such *job positions*. Complaint ¶ 1. Fourth, other than conclusory statements, the Complaint fails to allege any *facts* regarding other employees' *work hour*s, *when* other employees worked uncompensated overtime, or *how frequently* they were denied proper overtime. Instead, the Complaint avers in the most cursory manner that "Defendants required

---

131 S. Ct. 2541, 2551 (2011) (emphasis added). Here, Plaintiffs have not sufficiently alleged any common "glue" holding together the claims of the FSAs, and other employees holding "similar positions," from different states and branch locations throughout the country, with different management, local practices and characteristics, such that an examination of these claims together would result in a common answer regarding liability. *Id.* Defendants anticipate presenting evidence and arguing this issue more fully in their opposition to conditional and class certification should this case proceed in this court.

FSAs to work the same business hours kept by the bank branch to which each FSA was assigned, which hours were in excess of 40 per week." Complaint ¶ 63.

Plaintiffs' vague and conclusory references to other employees is insufficient to create a "plausible" entitlement to relief for other employees. *Williams v. Skyline Automotive Inc.*, No. 11 Civ. 4123 (SAS), 2011 U.S. Dist. LEXIS 131090, at *2 (S.D.N.Y. Nov. 14, 2011) (noting that a plaintiff's failure to include an approximation of uncompensated overtime worked and specific facts regarding dates of employment, pay and positions undermines the plausibility of claim, particularly where a complaint alleges claims against multiple defendants on behalf of a diverse group of plaintiffs); *Wilson v. Pioneer Concepts, Inc.*, No. 11–cv–2353, 2011 U.S. Dist. LEXIS 100757, *3 (N.D. Ill. Sept. 1, 2011) (granting motion to dismiss class allegations and holding no plausible FLSA claim was stated on behalf of other employees where complaint alleged unidentified employees worked an unidentified number of extra hours during lunch breaks and had an unspecified amount of time rounded off to their detriment at the time clock; and that some of those employees may have worked overtime without proper pay); *Landry v. Peter Pan Bus Lines, Inc.*, No. 09-11012-RWZ, 2009 U.S. Dist. LEXIS 129873, **3-4 (D. Mass. Nov. 20, 2007) (granting motion to dismiss class allegations where complaint made "generic factual allegations which target[ed] the administrative and professional exemption and state[d] the bare legal elements of an FLSA claim").

Plaintiffs' overtime claims on behalf of other employees are also uncertain and confusing, as they appear to include both non-exempt and exempt employees. While the Complaint alleges that Defendants classified FSAs as exempt, the Complaint also appears to allege claims on behalf of unidentified non-exempt employees. Complaint ¶¶ 6, 34, 37, 53, 56, 64-65, 71. In addition to the misclassification claims, the Complaint asserts claims for off-the-

clock work and improper calculation of overtime pay based on Defendants' alleged failure to include bonuses and incentive pay in calculating employees' overtime rates. *Id.*

Again, the Complaint does not allege whether Plaintiffs were classified as exempt or non-exempt. To the extent that Plaintiffs allege they were classified as exempt, there are no facts that would suggest Plaintiffs would be similarly situated with non-exempt employees as the overtime claims of non-exempt employees would be entirely different than the misclassification claims asserted on behalf of exempt employees. *Romero v. H.B. Automotive Group, Inc.*, No. 11 Civ. 386(CM), 2012 U.S. Dist. LEXIS 61151, *12 (S.D.N.Y. May 1, 2012) (McMahon, J.) ("[w]here a collective action contains a mix of employees, some of whom are classified exempt from the FLSA's requirements, and some of whom are classified as non-exempt, there is no factual nexus between the collective action members' situations, and conditional certification is not appropriate"). While the focus for exempt employees would be the duties performed and whether they fall within the overtime exemptions, the focus for non-exempt employees would be the hours they worked and the accuracy of their time cards and pay stubs.

Nor do Plaintiffs plead facts establishing that the class action requirements are satisfied with respect to non-exempt employees. The Complaint does not contain any facts suggesting Plaintiffs would have claims typical of non-exempt employees or would be adequate representatives of non-exempt employees. *See, e.g.*, FED. R. CIV. P. 23(a)(3) (typicality requires a plaintiff to establish that "the claims or defenses of the representative parties are typical of claims or defenses of the class"); *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466-67 (4th Cir. 2006) ("[P]laintiff's claim cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim."). Thus, to the extent that Plaintiffs attempt to include non-exempt employees in this action, they have failed to

plead sufficient facts permitting them to do so. *See Batsakis v. Federal Deposit Ins. Corp.*, 670 F. Supp. 749, 757 (W.D. Mich. 1987) ("In a prospective class action, the complaint should allege the existence of necessary facts showing that the prerequisites of Rule 23(a) have been satisfied").

Lastly, Plaintiffs' Complaint fails to state plausible claims on behalf of other employees for recordkeeping violations as no specific facts are alleged concerning other bank branches or other employees and the claim is derivative of Plaintiffs' inadequate allegations concerning unpaid overtime.

In sum, the Complaint fails to state sufficient facts establishing any plausible claims on behalf of other employees.  It is apparent from the face of the Complaint that Plaintiffs lack knowledge regarding the broad range of job positions and locations they seek to represent and that their conclusory allegations that all employees at all locations in all positions were subject to the same "unlawful policies" and performed the same duties is simply not plausible.  Defendants therefore request a dismissal of all claims asserted on behalf of other employees.

### III.   <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants request an order granting this Motion, compelling Plaintiffs to separately submit their claims to individual arbitrations before the Financial Industry Regulatory Agency and dismissing or, in the alternative staying this action pursuant to the FAA.  To the extent that the foregoing relief is not granted, then Plaintiffs' claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) on the grounds asserted herein.

Dated: April 19, 2013             MCGUIREWOODS LLP

By:   *s/ Bethany Pelliconi*
   Michael D. Mandel, Esq. (*pro hac vice* motion pending)
*mmandel@mcguirewoods.com*
Bethany A. Pelliconi, Esq.
*bpelliconi@mcguirewoods.com*
1800 Century Park East, 8th Floor
Los Angeles, California  90067-1501
(310) 315-8200

Philip A. Goldstein, Esq.
*pagoldstein@mcguirewoods.com*
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100

*Counsel for Defendants*