UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROMAN ZELTSER AND
ANNE TRULUNIK,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

           - against -

MERRILL LYNCH & CO., INC.; MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.;
and BANK OF AMERICA CORPORATION,

    Defendants.
------------------------------------------------------------x

13 CV 1531 (HB)

OPINION & ORDER

**Hon. HAROLD BAER, JR., District Judge:**

      Before the Court is a motion to compel individual arbitration brought by Defendants Merrill Lynch & Co., Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Bank of America Corporation ("Defendants"). The complaint, filed by Roman Zelster and Anna Tyutyunik (collectively "Plaintiffs"), alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by refusing to pay Financial Solutions Advisors ("FSAs") for overtime work. 29 U.S.C. §§ 201 *et seq.*,; NYLL, art. 19, §§ 650 *et seq.*. Plaintiffs seek to represent themselves and other similarly situated current and former FSAs and persons in similar positions with comparable titles employed by Defendants, and have filed a class action under Fed. R. Civ. P. 23, and a collective action under FLSA, 29 U.S.C. § 216(b). Defendant moves to compel arbitration, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4. For the reasons set forth below, Defendants' motion to compel is DENIED.

## I. BACKGROUND

      Plaintiffs worked as Financial Solutions Advisors ("FSAs") for Defendants. (Compl. ¶ 1.) As FSAs, Plaintiffs registered with Financial Industry Regulatory Authority ("FINRA") and signed a Uniform Application for Securities Industry Registration or Transfer, also called a "Form U-4." (Defs.' Mem. 1.) Section 15(a)(5) of Form U-4 contains the following arbitration clause:

1

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any person, that is required to be arbitrated under the rules, constitutions or by-laws of [FINRA] as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

Form U-4. (Defs.' Mem. Exs. A and B to 04/10/13 Gomer Decl.)

Defendants' agreement with Plaintiffs, including Form U-4, is governed by the rules of FINRA. (Defs.' Mem. 7; Pls. Opp. Mem. 4; Defs.' Reply Mem.). FINRA Rule 13204(a)(4) states:

> A member or associated person may not enforce any arbitration agreement against a member of a certified or putative class action with respect to any claim that is the subject of the certified or putative class action until: [t]he class certification is denied, [t]he class is decertified; [t]he member of the certified or putative class is excluded from the class by the court; or [t]he member of the certified or putative class elects not to participate in the class or withdraws from the class according to conditions set by the court, if any.

FINRA Rule 12304(b)(4) states:

> A member or associated person may not enforce an agreement to arbitrate in this forum against a member of a certified or putative collective action with respect to any claim that is the subject of the certified or putative collective action until the collective action certification is denied or the collective action is decertified.

*Id.*

## II.  LEGAL STANDARD

Courts comply with the "fundamental principle that arbitration is a matter of contract." *Rent-A-Ctr., W., Inc. v. Jackson*, 130 S. Ct. 2772, 2776, 177 L. Ed. 2d 403 (2010). The FAA allows a party to move for an order compelling arbitration if the parties have a written agreement and one party refuses to arbitrate, *see* 9 U.S.C. § 4, and establishes "a liberal federal policy favoring arbitration agreements." *CompuCredit v. Greenwood*, 132 S. Ct. 665, 669 (2012) (internal citations and quotation marks removed).

In deciding whether to grant a motion to compel arbitration pursuant to the FAA, courts apply a summary judgment standard. *LaVoice v. UBS Fin. Servs.*, No. 11 Civ. 2308, 2012 WL 124590, at *2 (S.D.N.Y. Jan. 13, 2012). "A motion to compel arbitration may be granted when

the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (internal citations omitted). "The burden of proving that the claims at issue are unsuitable for arbitration falls on the party opposing the motion." *Cohen v. UBS Financial Services, Inc.* 2012 WL 6041634 at *1 (S.D.N.Y. Dec. 4, 2012), *citing Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000).

Under the FAA, "[w]hether a dispute is arbitrable comprises two questions: (1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *Hartford Acc. & Indem. Co. v. Swiss Reins. Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (internal quotation marks omitted).

### III. DISCUSSION

Defendants do not dispute that their agreement with Plaintiffs, including Form U-4, is governed by the rules of FINRA. (Defs.' Mem. 7; Defs.' Reply Mem.) These rules explicitly prohibit the enforcement of arbitration agreements against a member of a putative class or collective action until class or collective certification has been denied or decertified, and for class actions only, until a member has been excluded from the class by the court or opted out of the class.  FINRA Rule 13204.

The SEC's own interpretation of this rule is found in a letter of support for the view that arbitration cannot be compelled at this stage.[1] *See* FINRA Interpretive Letter to Cliff Palefsky, Esq., Sept. 21, 2009; Swartz Decl. Ex. E. In the letter, which was issued prior to promulgation of Rule 13204(b), an agency representative stated that FLSA collective actions should be treated like class actions for the purposes of Rule 13204, and were ineligible for arbitration. The letter cites the SEC's 1992 finding that "parties should have access to the courts to resolve class actions efficiently." *Id.* Indeed, following an instance in which a court did not treat a FLSA collective action as a class action under Rule 13204, *see Gomez v. Brill Sec.*, No. 10 Civ. 3503, 2010 WL 4455827 (S.D.N.Y. Nov. 2, 2010), the SEC amended the FINRA rules to add §13204(b) to explicitly extend the treatment set out in Rule 13204(a) to FLSA collective actions.

---

[1] In oral argument, Defendants noted that an interpretive letter is not binding authority and only represents the views of the agency employee who authored it. Transcript of Oral Argument on Motion to Dismiss at 5. The Court is well aware of this concern, but finds the letter insightful nonetheless.

In its Notice prior to amending the rule, the SEC again affirmed the view that "FINRA believes that collective actions, like class actions, should be handled by the judiciary system, which has extensive procedures to manage such claims." Proposed Rule Change To Amend the Code of Arbitration Procedure for Industry Disputes To Preclude Collective Action Claims From Being Arbitrated, 77 Fed. Reg. 1773-01, 1774 (proposed Jan. 11, 2012).

The language of the statute, its legislative history, notice provisions and agency interpretation each reject Defendants' contention that arbitration should be compelled at this stage of the litigation. Notwithstanding this showing, Defendants assert that to the extent FINRA does not compel arbitration of class and collective actions, it is preempted by the FAA. I disagree. Although recent opinions from the Supreme Court and this Circuit address arbitration in the context of FLSA claims and express a favorable view towards that modality, none of these opinions touch on whether arbitration should be compelled for class and collective actions where FINRA rules bind the parties. *See American Express Co. et al. v. Italian Colors Restaurant et. al.*, 133 S. Ct. 2304 (June 20, 2013), *Sutherland v. Ernst & Young LLP*, 2013 WL 4033844 (2d Cir. Aug. 9. 2013), *Raniere v. Citigroup Inc.*, 2013 U.S. App. LEXIS 16765 (2d Cir. Aug. 12, 2013). Neither the Supreme Court nor the Second Circuit has held that FINRA is preempted by the FAA in a fact pattern such as the one before me here. Without precedent to the contrary, this Court will follow the language of the statute, buttressed by its legislative history, notice provisions, and agency interpretation, all of which support Plaintiffs' view that arbitration should not be compelled.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' are not compelled to arbitrate their class and collective action claims, and Defendants' motion to compel arbitration is DENIED.

The Clerk of the Court is instructed to close this case and remove it from my docket.

**SO ORDERED.**
**September 1{, 2013**
**New York, New York**

Hon. Harold Baer, Jr.
U.S.D.J.