**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Ossai Miazad
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

**THE YOUNG LAW FIRM, P.C.**
Jeremi K. Young (admitted *pro hac vice*)
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
Telephone: (806) 331-1800
Facsimile: (806) 398-9095

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMAN ZELTSER, ANNA TYUTYUNIK, and JARED BROCK, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,<br><br>          Defendants. | No. 13 Civ. 1531 (FM) |

**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

I, Justin M. Swartz, declare as follows:

1. I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiffs' counsel herein, and co-chair of its Class Action Practice Group. O&G is a 30+ attorney firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation, that involve wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2. I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the proposed class.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**My Background and Experience**

4. I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors. Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5. I was admitted to the bar of the State of Illinois in 1998, and the bar of the State of New York in 2002. I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois. I am a member in good standing of each of these bars.

6. From September 1998 through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois, where I represented plaintiffs in class and multi-plaintiff employment discrimination cases. From March 2002 through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City where I represented employees in discrimination cases and other employee rights matters.

7. Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

8. I am or was co-lead counsel on several wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29. 2006), in which the Court granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008).  Others include *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *2-4 (E.D.N.Y. Aug. 6, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *2 (S.D.N.Y. Apr. 16, 2012) (same); *Palacio v. E*TRADE Financial Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1-2 (S.D.N.Y. Mar. 12, 2012) (certifying class and approving settlement of wage and hour class action brought under New York, California, and federal law);  *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *1 (S.D.N.Y. May 17, 2011) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *3 (S.D.N.Y. Jan. 21, 2011) (same); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *4 (S.D.N.Y. May 11, 2010) (certifying class and approving settlement of multi-state wage and hour class action); *Westerfield v. Washington Mut. Bank*, Nos. 06 Civ. 2817, 08 Civ. 287, 2009 WL 6490084, at *1-3 (E.D.N.Y. June 26, 2009) (same); and *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (granting class certification and appointing O&G class counsel in multi-state wage and hour class action).

9. I am a member of the National Employment Lawyers Association ("NELA") and

serve on the Executive Board of its New York Chapter ("NELA/NY"). I am co-chair of NELA's Fair Labor Standards Act Committee. I served on the Civil Rights Committee of the New York City Bar Association of the Bar of the City of New York from 2005 through 2008 and the Committee on Labor and Employment Law from September 2002 until June 2005. I was co-chair of the American Bar Association Labor and Employment Law Section Ethics and Professional Responsibility Committee from 2006 through 2009, and am a member of its Equal Employment Opportunity Committee. I also serve on the Recent Graduate Advisory Group of the New York University Center for Labor and Employment Law.

10.     I speak frequently on employment law issues, including wage and hour issues and discrimination issues. I have recently been a faculty member for continuing legal education programs focused on employment law and ethics sponsored by the American Bar Association Section of Labor and Employment Law; the New York State Bar Association Labor and Employment Law Section; the New York City Bar Committee on Labor and Employment Law, NELA; and the Practicing Law Institute, among others.

11.     In connection with my work, I regularly read the New York Law Journal, advance sheets, and other literature related to employment law and class action law developments. I attend workshops and seminars at least four times per year sponsored by NELA, NELA/NY, the American Bar Association, and other organizations.

12.     Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions. *See, e.g., Toure*, at *5 ("Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *2 (S.D.N.Y. May 9, 2012) (O&G attorneys "have years of

experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Palacio*, 2012 WL 1058409, at *2 ("O&G has extensive experience prosecuting and settling nationwide wage and hour class and collective actions and ar[e] well-versed in wage and hour and class action law"); *Johnson*, 2011 WL 1872405, at *2 ("Outten & Golden . . . have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law."); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *5 (S.D.N.Y. Nov. 27, 2009) ("Outten & Golden [lawyers] . . . are skilled and experienced employment class action lawyers . . . [and] have extensive experience prosecuting and settling nationwide wage and hour class and collective actions.").

**Shavitz Law Group, P.A.'s Background and Experience**

13. One of O&G's co-counsel in this matter is Gregg I. Shavitz of the Shavitz Law Group, P.A. ("Shavitz Law Group").

14. Gregg I. Shavitz received a Juris Doctor degree from the University of Miami in 1994. He practices extensively in the area of wage & hour law. Florida Trend Magazine regularly recognized Mr. Shavitz as a Legal Elite attorney in the area of labor & employment law, and Mr. Shavitz has received LexisNexis Martindale-Hubbell's highest "AV" Peer Review Rating for preeminent attorneys. The 2009 Super Lawyers Publication listed Mr. Shavitz as one of Florida's Rising Stars in the field of Labor and Employment law, and the 2009 and 2011 South Florida Legal Guide recognized Mr. Shavitz a Top Lawyer in the field of Wage and Hour law. Mr. Shavitz also earned the distinction of Top Lawyer in Palm Beach Illustrated (2011) and is a lifelong fellow of the Florida Bar Foundation.

15. The Shavitz Law Group has served as class counsel in numerous cases in the past

decade, including *Palacio,* 2012 WL 1058409, at *2 (appointing the Shavitz Law Group as Class Counsel based on their experience in "numerous wage and hour class and collective actions"); *Saliford v. Regions Fin. Corp.,* No. 10 Civ. 61031 (S.D. Fla.); *Stewart v. Prince Telecom, Inc.*, No. 10 Civ. 4881 (S.D.N.Y.); *Hosier v. Mattress Firm, Inc.*, No. 10 Civ. 294 (M.D. Fla.); *Briscoe-Grey v. Sears Holding Corp.*, No. 09 Civ. 81408 (S.D. Fla.); *Lewis v. Iowa Coll. Acquisition Corp.*, No. 08 Civ. 61011 (S.D. Fla.); and *Brooks v. First Data Corp.*, No. 11-18202 (Fla. 17th Cir.); among others.

**The Young Law Firm, P.C.'s Background and Experience**

16. Another of O&G's co-counsel in this matter is Jeremi K. Young of The Young Law Firm, P.C. ("The Young Law Firm").

17. Jeremi K. Young received a Juris Doctor degree from the University of Texas in 1999. He practices extensively in the area of wage & hour law. The Super Lawyers Publication has listed Mr. Young as one of Texas' Rising Stars in the field of Labor and Employment law from 2005 through 2014. Mr. Young has also regularly presented Continuing Legal Education courses in the realm of wage and hour law to the American Association for Justice, the Texas Trial Lawyers Association, and others.

18. The Young Law Firm has similarly served as lead counsel in dozens of wage and hour collection actions through the country, including *Wilson v. Anderson Perforating, Ltd.*, SA-13-CV-148-XR, 2013 WL 3356046 (W.D. Tex. July 3, 2013); *Noble v. Serco, Inc.*, CIV.A.3:08-76-DCR, 2009 WL 3154252 (E.D. Ky. Sept. 28, 2009); *Sanders v. MPRI Inc. et al,* No. 5:08-cv-00345-R (W.D. OK.); and *Robles v. Brake Masters Sys., Inc.,* CIV 10-0135 JB/WPL (D.N.M.), among others.

6

**<u>Thorough Investigation of the Class Claims</u>**

19.     This proposed settlement would resolve claims brought by Plaintiffs Roman Zeltser, Anna Tyutyunik, Jared Brock, Marc Steinberg, Peter J. Cole, William Kenneth Wesley, John Jacobson, and Teesta Kaur ("Plaintiffs") on behalf of themselves and other similarly situated Field Financial Solutions Advisors ("Field FSAs") and those in comparable positions employed by Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., and Bank of America Corporation ("Merrill" or "Defendants") (together with Plaintiffs, the "parties") in branch bank locations throughout the United States.

20.     Before and during the formal litigation of this action, Plaintiffs' counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and class members' claims.  We conducted a thorough investigation into the merits of the potential claims and defenses.  We focused our investigation and legal research on the underlying merits of class members' claims, the damages to which they were entitled, and the propriety of class certification.

21.     We interviewed the Plaintiffs and several other workers to determine the hours that they worked, the wages they were paid, the nature of their duties and responsibilities, and other information relevant to their claims.

22.     We also conducted in-depth background research on Merrill, including reviewing SEC filings and other public documents, to obtain information on Merrill's corporate structure and facilities.  We also obtained numerous job postings for the Field FSA positions to determine the nature of the duties and responsibilities of the positions.

23.     Plaintiffs and opt-in Plaintiffs Marc Steinberg, Teesta Kaur, Peter Cole, William Wesley, and John Jacobson provided detailed declarations regarding their hours worked, their wages paid, and the nature of their duties and responsibilities.

24.     We also reviewed over 1,700 pages of documents produced by Defendants regarding Plaintiffs and opt-in Plaintiffs as well as Merrill's company-wide policies and practices.  We also produced documents to Defendants and responded to Defendants' interrogatories.

**History of Litigation**

25.     On March 7, 2013, Plaintiffs Roman Zeltser and Anna Tyutyunik filed a Class Action Complaint against Defendants, pursuant to 29 U.S.C. § 216(b), in the United States District Court for the Southern District of New York on behalf of themselves and others similarly situated.  Plaintiffs alleged that Defendants violated the FLSA and the New York Labor Law and supporting New York State Department of Labor Regulations ("NYLL") by misclassifying Field FSAs as exempt employees and failing to pay them overtime wages in violation of state wage and hour laws.  Plaintiffs sought recovery of overtime wages, attorneys' fees, costs, interest, and liquidated damages.

26.     On January 31, 2012, Plaintiffs filed an Amended Complaint adding an additional Named Plaintiff, Jared Brock, and claims under the California Wage Laws.  Defendants filed their answer to the Amended Complaint on September 17, 2013.  In addition to the three Named Plaintiffs, six other current and former Field FSAs also joined the case as opt-in Plaintiffs.

27.     In addition to the three named plaintiffs, six other former Merrill FSAs also joined the case as Opt-in Plaintiffs.

28.     On or about November 12, 2013, the parties agreed to attend mediation in an

attempt to resolve the litigation. To allow us to perform damages calculations, Defendants produced data showing the number of class members, salaries and other non-discretionary compensation, weeks worked, and location of employment. We performed damages calculations based on the data Defendants provided.

29. On January 21, 2014, the parties attended a mediation session in San Francisco, California, with David Rotman, a well-known and experienced mediator. After a full day of mediation, Mr. Rotman made a mediator's proposal to resolve the matter.

30. While considering the mediator's proposal, the parties continued to coordinate expedited discovery, and on January 30, 2014, Plaintiffs filed a Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA.

31. Before agreeing to stay proceedings to participate in mediation, we had served a Rule 30(b)(6) deposition notice, which would have required depositions of several corporate representatives. The parties had scheduled the depositions of two of the Named Plaintiffs and several of the opt-in plaintiffs, and were in the process of scheduling the depositions of the remaining Named Plaintiff and opt-in plaintiffs. The parties had begun the process of coordinating expedited discovery of electronically-stored information. Merrill had already filed an appeal of the Court's denial of its motion to compel arbitration, and additional appeals would further prolong the litigation.

32. On February 19, 2014, Mr. Rotman informed the parties that both sides had accepted the terms of the mediator's proposal. During the next several weeks, the parties negotiated the remaining terms of the settlement, which were memorialized in a formal Joint Stipulation of Settlement and Release ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A**.

**Settlement Terms and Allocation Formula**

33. The Settlement Agreement establishes a Gross Settlement Amount of up to $6,900,000 to settle claims against the Defendants (the "Settlement Fund"). Ex. A (Settlement Agreement) § 3.1(A). The Fund covers class members' awards, service awards, attorneys' fees and costs, settlement administrator's fees and costs, and any fees and costs associated with setting up, administering, maintaining or liquidating the Fund.

34. Within fifteen days of the date of the Preliminary Approval Order, Defendants shall deposit $250,000.00 into the Settlement Fund. *Id*. § 3.1(B). Within seven days of the Effective Date, Defendants shall deposit the remainder of the Gross Settlement Amount, minus any amount allocated to those FLSA Class Members who are not also Rule 23 Class Members and who do not submit a consent to join form. *Id.*

35. In the event that Settlement Checks to Rule 23 Class Members or Service Award checks remain uncashed 180 days after the Final Approval Order, those funds attributable to workweeks worked in New York and/or California during the Rule 23 Class Periods will be redistributed among the respective Rule 23 Class Members who have timely cashed their checks or, in the event such distribution is impracticable, distributed to the *cy pres* designee. *Id.* § 3.1(D).

36. Class members who are entitled to receive payments from the Settlement Fund include three groups of Merrill employees.

    a. The "FLSA Class" includes all current and former Field FSAs employed by Merrill in retail banking centers throughout the United States between November 15, 2009 and April 30, 2014. *Id*. § 1.16.

  b. The "New York Rule 23 Class" includes all current and former Field FSAs employed by Defendants in retail banking centers in the State of New York between November 15, 2006 and April 30, 2014.  Id. §§ 1.3, 1.21.

  c. The "California Rule 23 Class" includes all current and former Field FSAs employed by Defendants in retail banking centers in the State of California between September 3, 2009 and April 30, 2014.  Id. § 1.3.

  d. There are approximately 500 Rule 23 Class Members.

 37. All FLSA Class Members who sign and cash a Settlement Check and all Rule 23 Class Members who do not timely opt out will release all federal wage and hour law claims.  Id. §§ 2.10, 4.1(C).  All Rule 23 Class Members who do not timely opt-out release all state wage and hour claims asserted on behalf of the Rule 23 Class, regardless of whether they sign and cash a Release, Consent, and Settlement Check.  Id. § 4.1(A), (B).

 36. Class Members will be paid pursuant to an allocation formula based on the number of weeks they worked during the relevant periods and the state in which they worked.

 37. Each California Class Member shall be assigned two points for each week worked as a Field FSA between September 3, 2009 and April 30, 2014.  Id. § 3.4(B)(1).  Each New York Class Member shall be assigned one and one-half points for each week worked as a Field FSA between November 15, 2006 and April 30, 2014.  Id. § 3.4(B)(2).  All other FLSA Class Members shall be assigned one point for each week worked as a Field FSA between November 15, 2009 and April 30, 2014.  Id. § 3.4(B)(3).  The Claims Administrator will then divide the total number of points for each Class Member by the total number of points for all Class Members to determine each Class Member's portion of the Net Settlement Fund.  Id. § 3.4(B)(4).  The Claims Administrator will then multiply each Class Member's portion of the

Net Settlement Fund by the Net Settlement Fund to determine the amount to be paid to each Class Member.  *Id.* § 3.4(B)(1)(d).  The greater number of points allocated to California Class Members reflects the value of additional claims and monetary remedies available under California law not available under other states' laws, as well as the greater likelihood of prevailing on the merits under California law, because of the requirement under California law that exempt employees perform exempt duties more than 50% of the time.  The greater number of points allocated to New York Class Members reflects the fact that New York Class Members are entitled to liquidated damages under the NYLL in addition to liquidated damages under the FLSA.

38. Any uncashed settlement checks to FLSA Class Members remaining in the Fund 180 days after the Final Approval Order will revert to Defendants.  *Id.* § 3.1(E).  If uncashed settlement checks to California Rule 23 Class Members or New York Rule 23 Class Members or Service Awards remain in the Fund 180 days after the Final Approval Order, the funds will be redistributed among the respective California Rule 23 Class Members and New York Rule 23 Class Members who have timely cashed their checks or, if the amount remaining is small enough that a redistribution is not sensible in the discretion of the Class Counsel, the unclaimed will be donated to the Charity under the *cy pres* doctrine

39. Defendants agreed, for settlement purposes only, not to oppose certification of the Rule 23 settlement class or the FLSA collective.  *Id.* § 2.3(D).

40. The individual settlement payments include sums for wages, interest and liquidated damages.  The parties agree that fifty percent (50%) of all payments to claimants will be treated as back wages.  *Id.* § 3.5(A).  The remaining fifty percent (50%) will be deemed to constitute interest and liquidated damages.  *Id.*  The employee portion of all payroll taxes and

withholdings on this portion of the payments will be the responsibility of the individual Class Member receiving a settlement payment. *Id*. § 3.5(D), (E)). Defendants will pay the employer's portion of all such payroll taxes and withholdings. *Id*. § 3.4(C).

**Claims Administration**

41. Plaintiffs have selected Settlement Services, Inc. to serve as the Settlement Claims Administrator ("Claims Administrator"). *Id.* § 1.30. The Claims Administrator's fees will be paid from the Fund. *Id*. § 1.20.

42. The Named Plaintiffs have reacted positively to the settlement, which is evidenced by their signatures on the Settlement.

43. Attached as **Exhibit B** is a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Rule 23 Notice").

44. Attached as **Exhibit C** is a proposed Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing and a proposed Consent to Joint Form and Release ("FLSA-Only Notice").

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 7th day of May, 2014
New York, New York.

                          */s/ Justin M. Swartz*
                          Justin M. Swartz
                          **Outten & Golden LLP**
                          3 Park Avenue, 29th Floor
                          New York, NY 10016
                          (212) 245-1000