IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ROMAN ZELTSER, ANNA TYUTYUNIK, and
JARED BROCK, individually and on behalf of all
others similarly situated,

Plaintiffs,

v.

MERRILL LYNCH & CO., INC.; MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.,
and BANK OF AMERICA CORPORATION,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/14

No. 13 Civ. 1531 (FM)

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval"). ECF No. 71.

I. **Preliminary Approval of Settlement**

1. Based upon the Court's review of the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval and the Declaration of Justin M. Swartz ("Swartz Declaration") and the exhibits attached thereto, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Declaration as Exhibit A.

1

2. Courts have discretion regarding the approval of a proposed class action settlement. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002)).

4. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases, an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing *Newberg* § 11.25). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *1 (S.D.N.Y. May 9, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (same). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir.1980) (internal citation omitted). If the proposed settlement "appears to fall

within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 WL 6615729, at *3.

5. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Danieli v. IBM*, No. 08 Civ. 3688, 2009 WL 6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

6. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

7. The assistance of an experienced mediator, David Rotman, reinforces that the Settlement Agreement is non-collusive. *See Capsolas*, 2012 WL 1656920, at *1.

## II. Conditional Certification of the Proposed Rule 23 Settlement Classes

8. Provisional certification of a settlement class and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed settlement agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *2 (S.D.N.Y. Apr. 30, 2013) (conditionally certifying wage and hour settlement classes and granting preliminary approval of settlement).

9. The Court certifies the following sub-classes under Federal Rule of Civil Procedure 23(e), for settlement purposes:

    a. All current and former Field Financial Services Advisors employed by Defendants in Bank of America retail banking centers in the state of California during the period September 3, 2009, through and including April 30, 2014 (the "California Rule 23 Class").

    b. All current and former Field Financial Services Advisors employed by Defendants in Bank of America retail banking centers in the State of New York during the period November 15, 2006, through and including April 30, 2014 (the "New York Rule 23 Class").

10. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 500 individuals in the California and New York Rule 23 Classes and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

12. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants failed to pay overtime premiums in violation of federal and state wage and hour laws, and whether Defendants failed to keep accurate records of the hours Plaintiffs worked. *See Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and . . . whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

13. These alleged wage and hour violations – involving common operative facts stemming from corporate policies that affected the class members in the same way – are sufficient to meet Rule 23(a)'s commonality factor. *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at * 3 (Rule 23(a)(2) satisfied where all plaintiffs have the "identical" claim that defendant failed to abide by state and federal labor laws); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *2 (S.D.N.Y. Jan. 21, 2011) (Rule 23(a)(2) satisfied where common issues included whether defendants violated wage and hour laws by, *inter alia*, failing to pay overtime and spread of hours pay, and failing to keep accurate records of time worked).

14. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the class members' claims. *See Dorn*, 2011 WL 382200, at *2 (S.D.N.Y. Jan. 21, 2011) ("Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay . . . arise from the same factual and legal circumstances that form the bases of the class members' claims."); *Clark*, 2009 WL 6615729, at *4 (same); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 182 (W.D.N.Y.2005) (finding that class members satisfied the typicality requirement where "all class members . . . allege that Kodak failed to pay them . . . overtime wages for hours worked in excess of forty per week during the relevant time period").

15. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiffs' and class members' interests are at odds. *See Sewell*, 2012 WL 1320124, at * 4. "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659, 2007

WL 1580080, at *6 (E.D.N.Y. May 29, 2007) (quoting *Martens v. Smith Barney Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998)) (internal quotation marks omitted).

16. In addition, Plaintiffs' counsel, Outten & Golden LLP ("O&G"), the Shavitz Law Group, P.A. ("Shavitz Law Group"), and The Young Law Firm, P.C. ("The Young Law Firm") meet the adequacy requirement of Rule 23(a)(4) because they have "substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law." *Yuzary*, 2013 WL 5492998, at *3 (internal quotation marks and citation omitted); *see also* Swartz Decl. ¶¶ 4-18.

17. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Sewell*, 2012 WL 1320124, at *5 ("A common nexus of fact or law, particularly in FLSA cases, can include the fact that plaintiffs were subject to the same company-wide policy that violated federal labor laws"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Campos v. Goode*, No. 10 Civ. 0224, 2010 WL 5508100, at *2 (S.D.N.Y. Nov. 29, 2010).

### III. Appointment of Plaintiffs' Counsel as Class Counsel

18. The Court appoints O&G, Shavitz Law Group, and The Young Law Firm as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and

claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

19. O&G, Shavitz Law Group, and The Young Law Firm did substantial work identifying, investigating, litigating, and settling Plaintiffs' and class members' claims, have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law. *See, e.g., Palacio*, 2012 WL 1058409, at *2.

20. The work that O&G, Shavitz Law Group, and The Young Law Firm have performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

### IV. Class Notices

21. The Court approves the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Rule 23 Notice"), and the Proposed Notice of Collective Action Settlement ("FLSA-Only Notice") (together with the Rule 23 Notices, the "Notices"), which are attached as Exhibits B and C to the Swartz Declaration, respectively, and directs their distribution to the Class.

22. The content of the Rule 23 Notice fully complies with due process and Federal Rule of Civil Procedure 23.

23. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

24. The proposed Rule 23 Notice here satisfies each of these requirements and fully complies with the requirements of Rule 23(c). *See In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Dorn*, 2011 WL 382200, at *4; 57, 60 (class notice "need only describe the terms of the settlement generally" (internal quotation marks and citation omitted)). It also describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Dorn*, 2011 WL 382200, at *4.

25. The proposed Rule 23 Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing.

## V. Class Action Settlement Procedure

26. The Court hereby sets the following settlement procedure:

   a. Within 15 days of the date of this Order, Defendants will provide the Settlement Claims Administrator, in electronic form, for all class members the following information: name, Social Security Number, last known addresses, last known personal and business email addresses (to the extent they are maintained in an existing and readily-accessible electronic database), dates of employment, job titles, with dates, and workweeks within the applicable liability periods as that information exists on file with Defendants;

   b. The Settlement Notices will be mailed to class members within 7 days of receiving the Class List from Defendants.

   c. Rule 23 Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or object to it;

   d. FLSA Class Members who are not Rule 23 Class Members will have 90 days to submit consent forms ("Opt-In Period");

   e. Plaintiffs will file a Motion for Final Approval of Settlement no later than 15 days before the Fairness Hearing;

f. The Court will hold a final fairness hearing on September 23, 2014 at 10 CM at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 20A.

g. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 35 days after the Court enters its Final Order and Judgment if there is no appeal taken from such Order;

h. If an individual appeals the Court's Final Order and Judgment, the "Effective Date" shall be 5 days after the last such appeal is withdrawn with prejudice or after all avenues of appellate review are exhausted and all appeals are resolved in favor of final approval;

i. The Settlement Claims Administrator will disburse settlement checks and attorneys' fees 7 days after Defendants have deposited the funds in the Qualified Settlement Fund, which will happen no later than 7 days after the Effective Date; and

j. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 12th day of May, 2014.

_____
Honorable Frank Maas
United States Magistrate Judge