**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Ossai Miazad
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**THE YOUNG LAW FIRM, P.C.**
Jeremi K. Young (admitted *pro hac vice*)
1001 S. Harrison, Suite 200
Amarillo, Texas  79101
Telephone: (806) 331-1800
Facsimile: (806) 398-9095

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROMAN ZELTSER, ANNA TYUTYUNIK, and JARED BROCK, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>  v.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,<br><br>         Defendants. | No. 13 Civ. 1531 (FM) |

**DECLARATION OF JEREMI K. YOUNG IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT**

I, Jeremi K. Young, declare and state as follows:

1. The statements set forth in this declaration are made of my own personal knowledge and if called as a witness, I could and would testify competently to the matters stated below.

2. I have acted as co-lead counsel in this case since it was filed. In addition to this case, I have extensive experience litigating wage and hour claims and collective actions under the Fair Labor Standards Act ("FLSA").

3. I have been involved personally in litigating this case and in all settlement negotiations.

4. I have extensive experience litigating wage and hour cases nationally. I have served as lead counsel or co-lead counsel in more than 60 cases brought pursuant the Fair Labor Standards Act and/or state wage and hours laws on behalf of thousands of employees, including, *Wilson v. Anderson Perforating, Ltd.*, SA-13-CV-148-XR, 2013 WL 3356046 (W.D. Tex. July 3, 2013); *Noble v. Serco, Inc.*, CIV.A.3:08-76-DCR, 2009 WL 3154252 (E.D. Ky. Sept. 28, 2009); *Sanders v. MPRI Inc. et al,* No. 5:08-cv- 00345-R (W.D. OK.); and *Robles v. Brake Masters Sys., Inc.,* CIV 10-0135 JB/WPL (D.N.M.), among others.

5. I received a Juris Doctor degree from the University of Texas in 1999 and have been a member of the State Bar of Texas since 1999 and am admitted to practice in Oklahoma. I am admitted to practice in all federal districts courts in Texas and the Western District of Oklahoma.

6. I am regularly asked to speak on wage and hour topics at continuing education seminars. The Super Lawyers Publication has listed me as one of Texas' Rising Stars in the field of Labor and Employment law from 2005 through 2014.

7. Through the date of this declaration, my firm has spent 279.7 hours litigating this matter, including 72.3 paralegal hours and 207.4 attorney hours. Hourly billing rates for my firm range from $595 to $240 for attorneys and $215 for paralegals, which rates are reasonable and equivalent to or below market rates among attorneys in the Southern District of New York.  Total fees incurred by my firm to date are $118,836.50. A summary of fees by timekeeper is attached to this declaration as Exhibit A and a detailed itemization of fees is attached as Exhibit B, which was compiled from contemporaneous time records maintained by each attorney and paralegal participating in the case. The time spent by my firm was reasonable for a case of this complexity and size.

8. I have also incurred litigation expenses totaling $4,003.32. These expenses are itemized on the attached Exhibit C.

9. Class Counsel is requesting one-third of the settlement fund for attorneys' fees, for the services of all three firms involved. The requested attorneys' fees are not based solely on time and effort already expended; they are also meant to compensate Class Counsel for time that they will be required to spend administering the settlement in the future, including responding to inquiries from class members. Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating the case on a wholly contingent basis in the face of significant risk. Wage and hour cases of this type are, by their very nature, complicated and time-consuming. Lawyers undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy and resources. Due to the contingent nature of the customary fee arrangement,

lawyers are asked to be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. Class Counsel stood to gain nothing in the event the case was unsuccessful. To date, Class Counsel has worked without compensation of any kind, and the fee has been wholly contingent upon the result achieved.

I declare under penalty of perjury under the laws United States that the foregoing is true and correct.

Executed this 8th day of September, at Amarillo, Texas.

_____
Jeremi K. Young